# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES SUMRALL | * | CIVIL ACTION NO. 6:10-1792 |
| VERSUS | * | JUDGE DOHERTY |
| BP AMERICA, INC., ET AL. | * | MAGISTRATE JUDGE HILL |

## REPORT  AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss or, alternatively for More Definite Statement, filed by Dril-Quip, Inc. ("Dril-Quip").  [rec. doc. 14].  By this Motion, Dril-Quip seeks dismissal of all claims asserted against it by plaintiff pursuant to Rule 12(b)(6) on grounds that plaintiff has failed to satisfy the pleading standard set forth in *Ashcroft v. Iqbal,* 556 U.S. - -, 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), and, alternatively, seeks a more definite statement pursuant to Rule 12(e) because the complaint is "so vague and ambiguous that Dril-Quip cannot reasonably prepare a response."  *See* rec. doc.4-1, pg. 2.

Plaintiff, Charles Sumrall ("Sumrall") has filed Opposition. [rec. doc. 20].  The Motion was referred to the undersigned for report and recommendation. [rec. doc. 17]. Oral argument was held and the Motion was taken under advisement..

For the following reasons, it is recommended that the Motion to Dismiss, or, alternatively, for More Definite Statement [rec. doc. 14] be **denied**.

## FACTUAL BACKGROUND AND ANALYSIS

**Motion to Dismiss Standard**

Although there was much discussion on the effect of *Twombly* and *Iqbal* on the standard to be applied by trial courts in deciding motions to dismiss, the undersigned, in *Diamond Services Corp. v. Oceanografia, SA De C.V.*, 2011 WL 938785, *1-3 (W.D. La. 2/9/2011) adopted Magistrate Judge Hanna's analysis set forth in *Barber v. Bristol-Myers Squibb*, Docket No. 09-cv-1562 (W.D. La. 2010).[1] Judge Doherty adopted the undersigned's Report and Recommendation in *Oceanografia* in the following terms: "[T]he Court concludes that the Report and Recommendation of the Magistrate Judge is correct and adopts the findings and conclusions therein as its own." *Diamond Services Corp. v. Oceanografia, SA De C.V.*, Docket No. 10-cv-00177, rec. doc. 64. Under the analysis set out in *Barber* and *Oceanografia* , the proper standard of review when deciding a Rule 12(b)(6) motion to dismiss is as follows:

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) *quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467

---

[1]Magistrate Judge Hanna's Report and Recommendation was adopted by Judge Melancon, in the following terms: "[T]he Court concludes that the Report and Recommendation of the Magistrate Judge is correct and adopts the findings and conclusions therein as its own." *Barber, supra*., rec. doc. 60.

2

(5th Cir.2004). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' " *In re Katrina Breaches Litig.*, 495 F.3d at 205 *quoting Twombly*, 550 U.S. at 544, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id. quoting Twombly*., 550 U.S. at 555, 127 S.Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted) (emphasis added). *See also Ashcroft*, 129 S.Ct. at 1950.

"A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged [*Twombly*] at 556, 127 S.Ct. 1955. . . . Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft,* 129 S.Ct. at 1950. The *Ashcroft* court further explained:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id*. at 1950.

In *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228 (5th Cir. 2009), the Fifth Circuit succinctly explained *Twombly's* "plausibility" standard of pleading applied to Fed.R.Civ.P. 8(a)(2) as follows:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed].

*Lormand*, at 257 *quoting Twombly*, 550 U.S. at 556, 127 S .Ct. at 1965. *See also In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008) *quoting Twombly*. (Footnotes omitted).

Contrary to the argument that the decisions in *Twombly* and *Ashcroft* have changed the pleading requirements under Fed. Rule Civ. P. 8, the Fifth Circuit emphasized *Twombly* does not create a heightened pleading standard and does not alter, but only "explicates" Rule 8(a)(2), because *Twombly* itself recognizes pleading requirements can only by changed by amendment of the Federal Rules. *See Lormand*, at 258, n. 29 *citing Twombly*, 550 U.S. at 569, 127 S.Ct. at 1973 n. 14. The Supreme Court clearly stated its intention:

> In reaching this conclusion, we do not apply any 'heightened' pleading standard, nor do we seek to broaden the scope of Federal Rule of Civil Procedure 9, which can only be accomplished 'by the process of amending the Federal Rules, and not by judicial interpretation.' . . . On certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state factual allegations with greater particularity than Rule 8 requires. . . . Here, our concern is not that the allegations were insufficiently 'particular [ized]' . . .

4

rather, the complaint warranted dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible . . . . [W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.

*Twombly*, 555 U.S. at 569 n. 14, 570. (Citations omitted).

Literally days after *Twombly* was decided, the Supreme Court, citing *Twombly,* stated in *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007):

Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'

Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949, *Twombly*, 555 U.S. at 556, 127 S.Ct. at 1965.

This analysis is not substantively different from that set forth in *Lormand, supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. Rule Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. This standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth

5

a plausible claim for relief under a particular theory of law provided there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand,* 565 F.3d at 257, *Twombly,* 555 U.S. at 556, 127 S.Ct. at 1965.

With this standard and analytical framework in mind, the Court now goes to the plaintiff's complaint to see if these pleading requirements have been met.

**Allegations in the Complaint**

In his Complaint, Sumrall alleges that on December 18, 2007, he was injured while performing his duties aboard a drilling vessel, the Discoverer Enterprise, owned by Transocean Offshore USA, Inc. and/or Transocean Offshore Ventures, Inc. [rec. doc. 1, ¶, VII and IV].  He further alleges that he was a seaman and member of the crew of the Discoverer Enterprise, employed by Dril-Quip. [*Id.* at ¶ V and VI].

Accordingly, Sumrall filed suit against several defendants including Transocean Offshore USA, Inc., Transocean Offshore Ventures, Inc. and Dril-Quip, asserting claims under the Jones Act and the general maritime law. [*Id.* at ¶  I and II].

The accident and alleged injury to Sumrall are alleged to have been caused by "a defect or vice in the condition of the vessel and/or the negligence of the defendants."  [*Id.* at VII].  Sumrall additionally sets forth several nonexclusive acts or omissions entitling him to relief including failure to provide a safe work place, failure to provide a seaworthy vessel, failure to warn of unsafe and/or unseaworthy conditions, failure to provide an adequate and/or properly trained crew, failure to train and supervise employees, agents and

6

representatives, failure to follow applicable safety guidelines and regulations, failure to discover hazardous conditions aboard the vessel, failure to warn of known hazardous conditions aboard the vessel, failure to intervene to correct unsafe and hazardous conditions aboard the vessel, gross, wilful and wanton disregard for the safety of the plaintiff. [*Id*. at ¶ VIII].  Sumrall seeks past present and future damages including damages for physical pain and suffering, loss of earnings and earning capacity, mental distress, worry and anxiety, and disability. [*Id*. at ¶ IX].

Moreover, plaintiff alleges that he is in need of medical treatment and although medical reports have been provided to the defendants, he has been arbitrarily, capriciously and without any cause not provided with maintenance and cure. [*Id*. at ¶ X].  Accordingly, he seeks maintenance and cure as well as damages and punitive damages with respect to this claim. [*Id*. at ¶ XI and XII].

**Analysis**

Under the applicable standard of review, the court must analyze the factual allegations contained in the Complaint, drawing on the court's judicial experience and common sense, to analyze whether those facts, which need not be detailed or specific, allow the court to draw the reasonable inference that Dril-Quip may be liable to Sumrall.

In light of the above allegations, it is clear that Sumrall is asserting claims for negligence under the Jones Act, unseaworthiness and maintenance and cure.  While it is true that Sumrall has not precisely outlined the factual basis for his claims against Dril-Quip, as

opposed to those which support his claims against the vessel owner (the Transocean entities) or drilling operator or producer (the BP entities), Sumrall has pled that Dril-Quip was his Jones Act employer.

Under settled admiralty law, a seaman who suffers injury in the course and scope of his employment in the service of the vessel, may sue his employer for negligence under the Jones Act.  It is further settled law that a Jones Act seaman may assert a claim against his Jones Act employer for maintenance and cure for injuries received in the service of the ship. Thus, while it is certainly true that the factual allegations made by Sumrall could be more specific, such specificity  is not required at this stage of the pleadings. Rather, as recognized in *Lormand,* the standard "remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. This standard is met by the 'reasonable inference' the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided there is a 'reasonable expectation' that 'discovery will reveal relevant evidence of each element of the claim.'" *Lormand*, 565 F.3d at 257.

This is also consistent with the pronouncement of the Supreme Court in *Erickson* which, again, was issued shortly after *Iqba*l, that specific facts are not necessary, but, rather, "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93, 127 S.Ct. at 2200.

The allegations made by plaintiff herein satisfies the plausibility requirement of *Twombly*, as explained by the Fifth Circuit in *Lormand*, that is, the complaint (1) on its face (2) contains enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of the claim. No plausibility requirement exists, and only a reasonable expectation that discovery will reveal the elements of the claim is sufficient. *Lormand*, 565 F.3d at 257.

It is true, of course, that Sumrall fails to factually allege specific acts committed by Dril-Quip. However, these factual details can be obtained in discovery. Indeed, it may well be at this stage of the litigation that only Dril-Quip and/or the other defendants have these details. If such specific details were required to be specifically pled at this stage of the case, many meritorious cases could not survive a motion to dismiss. It is precisely for this reason that the Court in *Iqbal* specifically recognized that whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*., 129 S.Ct.1950.

The allegations made by the plaintiff herein virtually mirror complaints filed by Jones Act seamen routinely in this court. The undersigned has seen hundreds of virtually identical pleadings, and in not one case that I can recall was the complaint dismissed for lack of specificity in pleading; in no case with which the undersigned is familiar has a defendant suffered prejudicial surprise based on virtually identical pleadings. Additionally, as a seaman, the plaintiff has additional protection as a result of his status, that is, as a ward of

the court, sitting in Admiralty.  *Atlantic Sounding Co., Inc. v. Townsend*, 129 S.Ct. 2561, 2570 (2009) ("[T]his Court has consistently recognized that the [Jones] Act 'was remedial, for the benefit and protection of seamen who are peculiarly the wards of admiralty'").

In sum, I, drawing on my experience and common sense, hold that, in the context of this case, the causes of action pled by the plaintiff against Dril-Quip are supported with factual allegations sufficiently specific to give Dril-Quip fair notice of what the claim is and the factual grounds on which the claim rests. *Iqbal,* 129 S.Ct.1950. The motion to dismiss by Dril-Quip should therefore be denied.

**Motion for More Definite Statement**

In considering a Motion for More Definite Statement under Rule 12(e), district courts are afforded discretion to determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading.  *Mitchell v. EZ Way Towers, Inc*., 269 F.2d 126, 130 (5th Cir. 1959).  It is clearly the policy of the Federal Rules of Civil Procedure that Rule 12(e) should not be used to frustrate the great liberality of Rule 8, permitting notice pleading.  *Id*. at 132.

Moreover, "a motion for more definite statement is not to be used to assist in getting the facts in preparation for trial . . . [o]ther rules relating to discovery, interrogatories and the like exist for this purpose."  *Id*.  In sum, Rule 12(e) motions may not be used as a substitute for discovery.  *Id*.

10

By the instant motion, Dril-Quip asserts that the Sumrall has failed to specifically plead his claim against it, instead grouping all of the defendants together without specifying the duties and responsibilities owed by each defendant. Specifically, Dril-Quip requests particularized allegations stating the nature of his duties as an employee of Dril-Quip and as a crew member of the *Discoverer Enterprise*, the circumstances of his injury, a designation of the claims urged against Dril-Quip, including a theory of liability, and a designation of the nature, approximate date and addressee of any and all requests by plaintiff for maintenance and cure.  *See* rec. doc.4-1, pg. 5.

In accordance with the above analysis, my review of the Complaint as a whole reveals that Sumrall has satisfied the liberal notice pleading requirements applicable in federal court.  There is nothing before this court to suggest that Dril-Quip could not admit or deny the allegations set forth in the Complaint based on the knowledge Dril-Quip could obtain from review of its own records, from Dril-Quip's own knowledge of drilling operations performed by its employees aboard the *Discoverer Enterprise,* or from routine investigation.

Furthermore, the more detailed information sought by Dril-Quip in its Motion with regard to plaintiff's lawsuit can more properly be obtained through discovery.  This level of detail is neither required under Rule 8, nor is it needed to frame a response under Rule 12(e). Accordingly, Dril-Quip's Motion for More Definite Statement should be

denied.[2]

## **CONCLUSION**

For those reasons set out above, it is the recommendation of the undersigned that the Motion to Dismiss, or, alternatively, for More Definite Statement filed by Dril-Quip, Inc. [rec. doc. 14] be **denied**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

---

[2]While Dril-Quip asserted in its Motion that by answering the Complaint it would risk waiving Rule 12 defenses, at oral argument, counsel candidly admitted that he was unable to advise the court of any defense that would be waived by entering a general denial of Sumrall's allegations.  Accordingly, that argument is not addressed herein.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 25th day of April, 2011, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

13