RECEIVED

AUG 1 0 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CHARLES SUMRALL | DOCKET NO: CV10-1792 |
| VERSUS | JUDGE DOHERTY |
| BP AMERICA, INC., ET AL | MAGISTRATE JUDGE HILL |

## JUDGMENT

A motion to dismiss [Doc. 14], filed by defendant Dril-Quip Inc. ("Dril-Quip") and currently pending in this matter, was referred to United States Magistrate Judge C. Michael Hill for Report and Recommendation. Following a *de novo* review of the record, and considering the objections to the Report and Recommendation, the Court ADOPTS IN PART the Report and Recommendation.

Specifically, the Court agrees with the court below that dismissal of the complaint against Dril-Quip is not warranted at this stage of the proceedings.[1]

However, the Court finds in this matter plaintiff's complaint "is so vague or ambiguous that [Dril-Quip] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "However, the statement must present more than 'threadbare recitals of a cause of action's elements, supported by mere conclusory statements.'" Roque v. Jazz Casino Co. LLC, 388 Fed.Appx. 402, *3 (5th Cir. 2010)(quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009)).[2]

---

[1] As this case is still in its infancy, and in light of the federal policy in favor of liberal amendment of pleadings, the Court finds plaintiff should be allowed to amend his complaint at this stage, rather than have it dismissed, as discussed, *supra*. *See e.g.* Foreman v. Davis, 371 U.S. 178, 182 (1962).

[2] For example, the Roque court held, "A mere conclusory assertion that [defendant's] words violated Title VII does not satisfy the requirements of Fed.R.Civ.P. 8." 388 Fed.Appx. at *3 (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949).

"Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dept. of Housing and Urban Development, 554 F.3d 525, 528 (5th Cir. 2008).

Following a review of the complaint filed in this matter, it appears plaintiff asserts he was employed by Dril-Quip and assigned to work aboard a drilling vessel owned by Transocean Offshore USA, Inc. and/or Transocean Offshore Ventures, Inc. [Doc. 1, ¶¶ IV, V] Plaintiff further alleges, "On or about December 18, 2007, Plaintiff was performing his usual duties aboard the vessel when he sustained injuries as a result of a defect or vice in the condition of the vessel and/or the negligence of defendants and their agents, representatives and employees." [Id. at VII] As to how these unidentified injuries occurred, plaintiff states as follows:

> The accident and injuries to Plaintiff were caused by the acts and/or omissions of Defendants in the following non-exclusive particulars:
>
> a.   Failing to provide a safe place to work;
>
> b.   Failing to provide a seaworthy vessel;
>
> c.   Failing to warn of unsafe and/or unseaworthy conditions;
>
> d.   Failing to provide an adequate and/properly [sic] trained crew;
>
> e.   Failing to train and supervise its employees, agents and representatives;
>
> f.   Failing to follow applicable safety guidelines and regulations;
>
> g.   Failure to discover hazardous conditions aboard the vessel;
>
> i.   Failure to intervene to correct unsafe and hazardous conditions aboard the vessel;
>
> j.   Gross, willful and wanton disregard for safety of Plaintiff; and

k.      Other acts and/or omissions which may be shown at trial on this matter;

[Id. at VIII] No other detail is provided regarding the basis of plaintiff's claim, how the accident occurred, what injuries were incurred, etc.

From the complaint, this Court is unable to discern anything about the nature of plaintiff's claim or injury, other than plaintiff alleges he incurred unidentified injuries from defendant's unidentified act or acts of negligence. The general allegations contained in plaintiff's complaint could apply to a slip and fall as easily as they could apply to a claim for exposure to a hazardous chemical. Accordingly, the Court finds defendant is entitled to further factual information, such that defendant is put "on notice as to what *conduct* supports the claim[]." Anderson, *supra*. However, this Court again, agrees with the magistrate judge, that plaintiff need not provide the level of specificity requested by defendant in its supporting memorandum, as the Court agrees defendant's seek more than that which is required by F.R.Civ.P. 8.

In light of the foregoing, "Defendant Dril-Quip, Inc.'s Motion to Dismiss for Failure to State a Claim" [Doc. 14] is GRANTED to the extent it seeks a more definite statement, but is DENIED to the extent it seeks a dismissal of plaintiff's claims. Plaintiff is ORDERED to file an amended complaint containing a more definite statement of his claims against Dril-Quip within twenty (20) days of issuance of this Order.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___10___ day of August, 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT COURT